UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                               Chapter 13
Beth Ann Read,                                              Case No. 14-21614-svk
      Debtor.

**MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO CONFIRMATION**

      Beth Ann Read (the "Debtor") was not contributing to a retirement account when she filed her Chapter 13 case. Post-petition, she started making monthly contributions to a 401(k) account established by her employer. The Trustee objected to confirmation of her Chapter 13 plan, contending that, because of the retirement contributions, the Debtor is not dedicating all projected disposable income to her unsecured creditors as required by 11 U.S.C. § 1325(b).

<u>Statement of Facts</u>

      The facts are straightforward and undisputed. Beginning in 2006, the Debtor made regular contributions to her 401(k) account, but at some point in 2008, she stopped. (Hearing 11:04:33.) In January 2014, prior to filing bankruptcy, she contacted her employer to resume the contributions, but her employer informed her that she would need to wait until the next quarterly enrollment period in April. (Hearing 11:06:07.) On February 20, 2014, the Debtor filed her Chapter 13 petition. Her income is below the median income for her family size in the State of Wisconsin.

      Although she had not yet started making contributions, she listed a payroll deduction of $124.21 for voluntary retirement plan contributions on her Schedule I income schedule. (Hearing 11:04:48.) She actually started contributing to her 401(k) account on April 1, 2014. (Hearing 11:05:01.) Given the proposed duration of the Debtor's plan, approximately $6,500

would be available for payments to unsecured creditors if the 401(k) contribution is disallowed. (Hearing 11:09:37.)

Analysis

The Court has jurisdiction under 28 U.S.C. § 1334.  Chapter 13 plan confirmation disputes are core proceedings as defined by 28 U.S.C. § 157(b)(2)(L); as this matter stems from the Bankruptcy Code itself, this Court has authority to enter a final order.

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), "disposable income" included both 401(k) contributions and 401(k) loan repayments.  *Seafort v. Burden (In re Seafort)*, 669 F.3d 662, 665 (6th Cir. 2012) (collecting cases).  BAPCPA introduced two disposable income provisions related to 401(k) contributions.  First, § 1322(f) governs 401(k) loan repayments and provides that "any amounts required to repay such loan shall not constitute 'disposable income' under section 1325."  Second, a "hanging paragraph" in § 541(b)(7), states:

> (b) Property of the estate does not include . . .
> (7) any amount—
> (A) withheld by an employer from the wages of employees for payment as contributions—
> (i) to—
> (I) an employee benefit plan that is subject to title I of the Employee Retirement Income Security Act of 1974 or under an employee benefit plan which is a governmental plan under section 414(d) of the Internal Revenue Code of 1986 . . .
>
> except that such amount under this subparagraph shall not constitute disposable income as defined in section 1325(b)(2)[.]

Courts have noted that the hanging paragraph is "inelegantly drafted."  *Seafort*, 669 F.3d at 671; *In re Egan*, 458 B.R. 836, 843 (Bankr. E.D. Pa. 2011) ("[L]ike many of the provisions of the Bankruptcy Code added by BAPCPA, this Court finds the text of § 541(b)(7) less than clear.")

2

Faced with this ambiguity, courts have developed at least three different approaches to determine whether Chapter 13 debtors can make voluntary 401(k) contributions without running afoul of the disposable income requirements. The view advanced by the Debtor – often dubbed the *Johnson* approach – permits the deduction of voluntary retirement contributions when calculating disposable income, subject to a good faith analysis. *Baxter v. Johnson (In re Johnson)*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006) ("Debtors may fund 401(k) plans in good faith, so long as their contributions do not exceed the limits legally permitted by their 401(k) plans."); *In re Drapeau*, 485 B.R. 29, 38 (Bankr. D. Mass. 2013) ("In sum, the Court holds that § 541(b)(7) excludes postpetition voluntary contributions to the retirement plans and annuities specified therein from the scope of disposable income under § 1325(b)(2), so long as made in good faith."); *Egan*, 458 B.R. at 848 ("[T]his Court finds that Congress's omission from § 541(b)(7) of any reference to the petition date suggests that that Congress did not intend a debtor's petition date to be determinative of the amount of post-petition retirement contributions a debtor may offset from her projected disposable income."). Under this view, a Chapter 13 debtor can deduct voluntary post-petition contributions to calculate disposable income, even if the debtor was not making the contributions at the time of filing.

The converse position, frequently called the *Prigge* view, holds that § 541(b)(7) completely forbids a debtor from deducting voluntary retirement contributions to compute disposable income. *In re Prigge*, 441 B.R. 667, 677 (Bankr. D. Mont. 2010). *Prigge* reasoned that Congress created an express exclusion for 401(k) <u>loan repayments</u> in § 1322(f), but did not include a similar exception for 401(k) <u>contributions</u>. *Id.* ("If Congress had intended to exclude voluntary 401(k) contributions from disposable income it could have drafted § 1322(f) to provide for such an exclusion, or provided one elsewhere. The absence of any exclusion of voluntary

3

401(k) contributions from the Code simply reinforces the Court's conclusion that . . . contributions to voluntary retirement plans are not a necessary expense.") Endorsing *Prigge,* the bankruptcy court in *In re McCullers*, 451 B.R. 498 (Bankr. N.D. Cal. 2011), focused on the language "except that" in § 541(b)(7)(A):

> Use of the term "except that" suggests that the purpose of the language is merely to counteract any suggestion that the exclusion of such contributions from property of the estate constitutes postpetition income to the debtor. If Congress had intended to exclude prepetition contributions from the calculation of disposable income more generally, it would have been much more natural for Congress to provide that such contributions are excluded from property of the estate "and" in the calculation of disposable income. *Prigge's* more limited interpretation is reinforced by the fact that Congress used much more direct language in excluding retirement loan repayments from disposable income. Section 1322(f) was placed within the confines of chapter 13 itself, and states explicitly "any amounts required to repay such loan shall not constitute 'disposable income' under section 1325."

*Id.* at 504.

A third view, adopted by the bankruptcy appellate panel in *Burden v. Seafort (In re Seafort)*, 437 B.R. 204 (B.A.P. 6th Cir. 2010), allows the deduction of voluntary retirement contributions only to the extent that contributions were being made when the petition was filed. According to *Seafort*:

> Read together, § 541(a) and (b) establish a fixed point in time at which parties and the bankruptcy court can evaluate what assets are included or excluded from property of the estate. Section 541(a) clearly establishes this point as the commencement of the case. Therefore, only 401(k) contributions which are being made at the commencement of the case are excluded from property of the estate under § 541(b)(7).

*Id.* at 209. To support the conclusion, the court cited a legislative intent to balance the interest of the creditors with a debtor's interest in saving for retirement. *Id.* at 209-10.

This Court adopted *Seafort's* reasoning in *In re Noll*, No. 10-35209, 2010 Bankr. LEXIS 4868 (Bankr. E.D. Wis. Dec. 21, 2010). *Noll* involved the disposition of the debtors' 401(k) loan repayments when the loan was scheduled to be paid in full prior to the completion of the Chapter

4

13 plan.  The debtors proposed to convert the loan repayments to voluntary 401(k) contributions for the balance of the plan, but the Trustee objected, arguing that once the loan was satisfied, the debtors should increase their plan payments.  Focusing on the express reference to 401(k) loan repayments in § 1322(f), this Court concluded that "the Debtors may only exclude their loan repayments from disposable income so long as they are loan repayments.  As soon as the loan is satisfied, the shield of § 1322(f) is removed, and the funds become available to creditors.  <u>If the Debtors had been making voluntary contributions pre-petition, they would be allowed to continue those contributions, but they cannot convert loan repayments into voluntary contributions and satisfy the Code's projected disposable income test.</u>"  *Id.* at *6 (emphasis supplied).

After *Noll* was decided, the Sixth Circuit Court of Appeals considered an appeal in *Seafort*.  The court of appeals affirmed the decision of the bankruptcy appellate panel, "although for slightly different reasons than those provided by the BAP majority in this case," and held that "Congress intended to exclude from disposable income and projected disposable income available for unsecured creditors only voluntary retirement contributions already in existence at the time the petition is filed."  *Seafort v. Burden (In re Seafort)*, 669 F.3d 662, 674 (6th Cir. 2012).  According to the court of appeals, "Congress's placement of 401(k) loan repayments *within* Chapter 13 itself and placement of the exclusion for voluntary retirement contributions elsewhere was deliberate . . . The easy inference is that Congress did not intend to treat voluntary 401(k) contributions like 401(k) loan repayments, because it did not similarly exclude them from 'disposable income' within Chapter 13 itself."  *Id.* at 672; *see also Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)) ("Where Congress includes particular language in one section of a statute but omits it in another . . . , it is

5

generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). *Seafort* also reasoned that Congress's inclusion of the hanging paragraph in § 541(b)(7)(A) was meant to be read within the broader context of § 541(a)(1), excluding voluntary 401(k) contributions made before the petition date from property of the estate. 669 F.3d at 672.

The Debtor contends that the statutory analysis of *Seafort* and *Prigge* is inapplicable here because the Debtor's income is below-median. This argument ignores the fact that the debtors in *Noll* also had below-median income, and this Court held that their post-petition voluntary contributions could not be excluded from disposable income. The bankruptcy court in *In re Bruce*, 484 B.R. 387 (Bankr. W.D. Wash. 2012), more recently examined whether a below-median debtor's 401(k) contributions could be deducted to reach projected disposable income. While disagreeing with some of the analysis in *Prigge* and *McCullers*, *Bruce* adopted the reasoning of the bankruptcy appellate panel in *Seafort*, holding that since the debtor was making the contributions pre-petition, the contributions could be excluded from the disposable income calculation. The court concluded:

> In summary, this Court accepts *Parks's* holding that under § 541(b)(7)(A) only prepetition 401(k) contributions are excluded from property of the estate and therefore only prepetition contributions are excluded from disposable income as defined in § 1325(b)(2). But this Court further holds that the "except that" clause at the end of § 541(b)(7)(A)(i) excludes prepetition contributions from the calculation of CMI if such contributions were made in the six-month look-back period. If 401(k) contributions are deducted from the debtor's income during that six-month period prepetition, they are not disposable income "as that term is defined in section 1325(b)(2)," and the monthly average of the contributions during that period must be deducted in the calculation of disposable income.

*Id*. at 394.

The Debtor urges the Court to reconsider its decision in *Noll*, follow the *Johnson* view, and allow her to deduct her 401(k) contributions to calculate her disposable income. But the

6

relevant statutory provisions have not changed since *Noll,* and neither has the Court's evaluation of this issue. As a result, the Debtor's timing in this case is fatal to her arguments. She did not start making contributions until after the petition date. The hanging paragraph in § 541(b)(7)(A) is applicable only to voluntary contributions existing as of the commencement of the bankruptcy case by virtue of § 541(a)(1). *See Seafort*, 669 F.3d at 673. Moreover, as recognized in *Seafort, Prigge,* and *Noll*, there is great significance in § 1322(f)'s express exclusion of 401(k) loan repayments, but not voluntary 401(k) contributions.

Finally, the Debtor asks the Court to consider that she is a 34-year-old woman with only $5,100 currently saved for retirement. Presumably, the Debtor stands to gain some benefit from Chapter 13. A delay in her ability to save for retirement is one of the costs of that benefit. At 34, the Debtor has most of her working life ahead of her. She can resume retirement savings after she completes her Chapter 13 plan.

## Conclusion

Since the Debtor was not making a voluntary contribution to her retirement plan at the time she filed her case, her post-petition contributions are not excluded from the disposable income calculation. The Debtor is thus not dedicating sufficient disposable income to her unsecured creditors. The plan cannot be confirmed. The Court will issue a separate order sustaining the Trustee's objection.

Dated: August 19, 2014

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge

7